UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAVERN JAMES,

                                                 Plaintiff,

v.                                                    Civil Action No. _____

ATLANTIC RECOVERY SOLUTIONS, LLC

                                                 Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, LaVern James, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Atlantic Recovery Solutions, LLC., (hereinafter "ARS") is a domestic limited liability company organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief, the Defendant acquired the subject debt.

13. That on or about June 2020, Defendant called Plaintiff and during the telephone conversation, threatened to have her arrested if she did not pay the alleged subject debt.

14. That on or about July 10, 2020, Defendant called Plaintiff's daughter at her place of employment and inquired if she knew the Plaintiff and then asked to pass on a message to Plaintiff to contact the Defendant.

15. That on at least July 7, 2020 and July 10, 2020, Defendant sent two text messages stating:

    This text is from ARS. Laverne James we have a legally required notice in our office with your name and SSN# attached. We need to speak to you or your attorney regarding case # 2100740. Please Text of call back 1-833-582-0630 to discuss your case.

16. That in all the messages and calls to the Plaintiff, Defendant failed to identify the name of the company or provide a mini Miranda warning.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. § 1692c(b); and 15 U.S.C. § 1692c(b) by placing a telephone call to Plaintiff's daughter at her place of employment for reasons other than to obtain location information; and asking to pass a message to Plaintiff.

    B. Defendant violated 15 U.S.C. §1692d(6) for failing to meaningfully disclose Defendant's identity in the text messages.

    C. Defendant violated 15 U.S.C. §1692e; 15 U.S.C. § 1692e(2); 15 U.S.C. § 1692e(5); 15 U.S.C. § 1692e(10); 15 U.S.C. § 1692f; and 15 U.S.C. § 1692f(1) for threatening to arrest Plaintiff..

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a)  Actual damages;

  (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 6, 2020

                                      /s/ Seth J. Andrews __
                                      Seth J. Andrews, Esq.
                                      Law Offices of Kenneth Hiller, PLLC
                                      *Attorneys for the Plaintiff*
                                      6000 North Bailey Ave., Suite 1A
                                      Amherst, NY 14226
                                      (716) 564-3288
                                      Email: sandrews@kennethhiller.com